CARLOS MANUEL ADORNO, Appellant, v. REGISTRAR OF PROPERTY OF ARECIBO, Respondent.

No. 1134. Submitted December 2, 1943.—Decided March 6, 1944.

E. Pérez Casalduc for appellant. The registrar appeared by brief.

MR. JUSTICE SNYDER delivered the opinion of the court.

In 1941 Carlos Adorno acquired certain real estate by purchase at a public sale for default in the payment of taxes. At the time of the sale the property was registered in the name of Irene Pérez. On September 23, 1941, the Collector of Internal Revenue issued to Adorno the certificate of purchase provided for by §347 of the Political Code. It is important to note that, pursuant to this Section, such a certificate, when recorded, vests title to the property in the purchaser, provided that the right of redemption established by §348 is not exercised by the owner, his heirs, or assigns.

However, investigation had disclosed that Irene Pérez had died in 1931, ten years prior to the date of the

tax sale. Adorno therefore instituted a proceeding in the district court by which he obtained on March 11, 1943, a declaration that Aurelia Chacón Pérez was the sole and universal heir of Irene Pérez.

Adorno then presented the declaration of heirship and his certificate of purchase to the registrar, with a view to obtaining registration of the title first in the name of Aurelia and then in his own name. However, he also included, apparently inadvertently, the death certificate of Aurelia Chacón Pérez, which disclosed that she had also died prior to the tax sale, in 1936. In view of these circumstances, the registrar acted properly in refusing at that time to record the property in the name of the purchaser at the tax sale (See *Cortés* v. *Registrar*, 58 P.R.R. 13; *Soto* v. *Registrar*, 58 P.R.R. 16).

The ruling of the registrar will be affirmed.